(14 Misc. Rep. 450.)

### BURBRIDGE v. KILGANNON et al.

(City Court of New York, General Term. November 26, 1895.)

CONSPIRACY—CONNECTING ALLEGED CO-CONSPIRATORS.

> In an action to recover damages for a conspiracy, where there is no evidence connecting a defendant as a co-conspirator, it is error to deny a motion for a nonsuit as to such defendant.

Appeal from trial term.

Action by James Burbridge against William H. Kilgannon and others. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

Argued before McCARTHY and CONLAN, JJ.

Louis J. Grant, for appellants.

McIntyre & Settel, for respondent.

CONLAN, J. Appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial. The action was brought to recover damages for an alleged conspiracy by the defendants to defraud the plaintiff out of the sum of $1,000 and interest, being the amount of two promissory notes alleged to have been given by the defendant William H. Kilgannon to the plaintiff as a part of the consideration of $3,500 agreed to be paid for the liquor business carried on at 663 First avenue, in the city of New York; the balance of the purchase money, it being claimed, having been paid in cash. The complaint alleges, in substance, that William H. Kilgannon, Michael Kilgannon, and Thomas Kilgannon, three brothers, conspired together, and defrauded this plaintiff out of the sum stated; and that, as a part of the transaction, the defendant William H. Kilgannon bought the place of the plaintiff on the 15th day of October, 1893, and within two weeks thereafter transferred the same to the defendant before the maturity of the notes referred to. The defendants answer by a general denial.

An examination of the whole case fails to show on what ground the judgment appealed from can stand. The plaintiff alleges a conspiracy between the three defendants, and, so far as we have been able to discover, there is an entire want of evidence connecting the defendant Thomas Kilgannon with the alleged acts of the other two defendants, and the evidence of the plaintiff himself tends to negative any such declaration. The plaintiff swears that it may have been two weeks after he sold the store to the brothers of Thomas that he first saw the defendant Thomas, and he thinks it was after he (the plaintiff) was informed that Thomas had purchased the store of his brother William. He says in reference to this first meeting with Thomas: "I saw him in the store, and I was introduced to him there by one of his brothers. I paid for the drinks, and I asked him to have one, and I think he treated back. This was after I was informed that he had purchased the store." Further testifying on this subject, and in reply to the question, "Did you say anything to him then about his brother owing the notes?" he said: "No, sir; that is the only conversation I had with him, to my knowledge." And

again, at folio 104, he says: "I don't know whether or not it [the matter of the notes] was known to Thomas." At the time of the delivery of the bill of sale from the plaintiff to the defendant William H. there were present William and Michael Kilgannon, Keys and Newman, who represented the brewer who was to advance the $1,500 of the purchase money, and Perry, the broker, besides the plaintiff. There is no pretense that Thomas was present or knew anything about it, and not one word was said about any notes, or whether they were good or bad. When the sale was made to Thomas, there were present Thomas and William, two of the brothers, and a Mr. Baader, who drew the bill of sale, and the transaction took place at Mr. Baader's office. Thomas produced $2,000, which was paid to William, and Thomas also assumed a mortgage of $1,500 which had been given to the brewer by William when he purchased of the plaintiff, to secure the brewer for that amount of money received by William from him, and paid to the plaintiff as part of the consideration of the sale from the plaintiff to William. The good faith of this transaction was not assailed, and it does not appear that there was any talk of fraud or conspiracy until after the first of the alleged notes became due. The defendant Thomas does not appear to have been in any way connected with the transaction between the plaintiff and the other defendants. It is needless to say that Thomas unqualifiedly denies each and every and all of the allegations so far as they tend to connect him with the conspiracy and fraud charged against his two brothers. The plaintiff was bound to make out his case by a preponderance of all the evidence, and this he utterly failed to do so far as connecting Thomas with the alleged acts of his two brothers. There is no evidence against Thomas as a co-conspirator, and, if that is so, then the court below erred in denying a motion for a nonsuit as to him, in the first instance, when the plaintiff rested his case, and, again, at the close of all the testimony. The complaint should have been dismissed as to him.

Judgment reversed, with costs, as to defendant Thomas, and affirmed as to the other defendants, with costs.